# Lessee of Philip Davis *against* David Collins.

Parol evidence of the declarations of a deputy surveyor, that he had received money to take out a warrant which had been burnt in his house, but would soon take out the warrant, not admissible.

EJECTMENT for 37 acres and 63 perches of land, in Montgomery township.

To prove the plaintiff's title to the land in controversy, his counsel offered Robert Mackey as a witness, to prove the declarations of John Armstrong, formerly deputy surveyor of the district, made in 1763, that he had received money from James Davis, (the father of the lessor of the plaintiff, and under whom he claimed) to take out a warrant for him, which he had not done, and that the money had been burned in his house at Carlisle, but that he would soon take it out for him.

Previous thereto, the lessor of the plaintiff was sworn, that he had carefully searched for the receipt for this money amongst his father's papers, but could not find it. Several papers were lost during the Indian war.

The testimony was objected to by the defendant's counsel. The declarations of colonel Armstrong are offered to establish a fact; the payment of the money for a warrant. Was he living and present in court, the fact must be proved by his oath. No general powers were given to him by the Board of Property to receive money in behalf of the proprietaries. No receipt is produced, nor has it been shewn that one ever existed. The contents of such receipt might in such case be probably given

in evidence. But the evidence offered is of the most loose and uncertain kind, and would lead to the most destructive conse-quences. If the recollection of a conversation which passed forty-one years ago, is admitted as the ground-work of a title against an adverse possession of many years, adieu all security to the rights of landed property.

The plaintiffs' counsel answered. It is a fallacy to speak of colonel Armstrong, in the present business, as a mere stranger. It is well known, that the deputy surveyors, in this district, were in the constant habit of making surveys, on payments made to them of 5l. per hundred acres; and that such surveys have always been approved of in the land office. Col. Armstrong was much in this practice, as appeared by his own oath, in Turbett's *lessee v. Vance, tried at Nisi Prius, in this county, in May 1789, and by the oath of William Lyon, esq., in [*101 Woods's lessee v. Galbreath, tried at Nisi Prius, in Carlisle, May 1798, in both which cases, the surveys were sanctioned by the court and jury. He must be considered as the proprietary agent in this particular, and in some measure as a party, representing their interests. It is admitted, that his receipt for the warrant money, would be received in evidence. But on what ground we ask? It is but his written declaration of a fact; which, if he is considered in the light of a stranger, and not as a public agent, is not admissible. We are unfortunate enough not to possess the paper, nor have any copy, nor a witness who has seen it. We supply the loss by the next best evidence in our power, the dec larations of Armstrong, to an impartial witness. The law is too reasonable, to enjoin impossibilities on any suitor. As to the ob-servation, that the evidence proposed, cannot be depended on with safety, we agree that it is inferior to a written document. But the argument proves too much, since carried to its utmost extent, it would supersede all parol testimony, as contrasted with paper. The jury on an attentive consideration of all the circum-stances, must pronounce on its credibility.

*Per Cur.* In the two instances cited, the court were justified by the early usage, which prevailed in Cumberland county, in re-ceiving evidence of surveys made by a deputy, without warrants. It certainly relaxed the general rule to a considerable degree; and we do not feel ourselves disposed to go one jot beyond what our predecessors have done. The evidence proposed, is replete with incalculable evils to the community. No man could depend on the goodness of the title to his land; every thing would be set afloat, and a torrent of perjury overwhelm the country. As a proof whereof in the present instance, we feel it our duty to as-sert, that when the witness offers to swear, that he heard colo-nel Armstrong say, he would soon take out the warrant, though the money he had received had been burnt in his house, his story is wholly incredible; because we well know, that where he had received his fees, and had made a survey, the notes whereof were

FORDHAM UNIVERSITY LAW

burnt in his office before making a return, he uniformly demanded a compensation for making a new survey.    But it is not on this ground, that we overrule the evidence.

Verdict for the defendant.

Messrs. Duncan and S. Riddle, *pro quer.*

Messrs. Watts and Brown, *pro def.*